**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DENNY L. HOWELL II,** *Petitioner*, **v.** | : | **CIVIL ACTION** |
| **CHRISTOPHER DOWNEY,** *Respondent*. | : | **NO. 26-528** |

**ORDER**

**AND NOW,** this 11th day of September, 2026, upon consideration of Petitioner Denny L. Howel II's Petition to Vacate Arbitration Award, attached to the Notice of Removal (ECF 1), Respondent Christopher Downey's Cross-Motion to Confirm Arbitration Award (ECF 8), Petitioner's Motion to Add Indispensable Parties and Remand (ECF 10), the parties' responses and related submissions, it is hereby **ORDERED** that:

1. Petitioner's Motion to Add Indispensable Parties and Remand (ECF 10) is **DENIED.**
2. DH Yacht Sales, LLC, Navis Yacht Group, LLC, and Denny L. Howell III shall not be joined as Respondents, and Petitioner's request to remand this action pursuant to 28 U.S.C. § 1447(e) is **DENIED**.
3. Petitioner shall provide Denny L. Howell III with a copy of this Order and the accompanying Memorandum within seven (7) days of the date of this Order and shall promptly file proof of service. Denny L. Howell III may, within fourteen (14) days after service, seek leave to participate in this action in a posture consistent with his interest in the Arbitration Award.

4. Petitioner's Petition to Vacate Arbitration Award, attached to ECF No. 1, is **DENIED** because Petitioner has not established a ground for vacatur under 9 U.S.C. § 10.

5. Ruling on Respondent's Cross-Motion to Confirm Arbitration Award (ECF No. 8) is **HELD IN ABEYANCE** pending clarification of the Arbitration Award.

6. Pursuant to *Colonial Penn Insurance Co. v. Omaha Indemnity Co.*, 943 F.2d 327 (3d Cir. 1991), the Arbitration Award is **REMANDED** to the arbitration panel for the limited purpose of clarifying the relief originally awarded. The panel shall clarify:

   a. whether the $100,000 damages component described in Section III of the Award is payable to DH Yacht Sales, LLC or Christopher Downey;

   b. the person or persons liable for that $100,000 damages component;

   c. whether the statement that Christopher Downey shall recover $264,000 from Denny L. Howell II and Denny L. Howell III was intended to award the entire $264,000 to Downey or instead to summarize the separate $164,000 award to Downey and $100,000 award to DH Yacht Sales, LLC;

   d. whether Denny L. Howell III is subject to the permanent injunction described in Section IV of the Award; and

   e. the precise allocation and amount of the AAA administrative fees, arbitrator compensation, and reimbursement obligations imposed upon Denny L. Howell II and Denny L. Howell III.

7. The arbitration panel shall not reconsider the merits of the parties' dispute or alter its adjudication except to the extent necessary to state unambiguously the relief originally intended.

8. Within fourteen (14) days after the clarified Award is filed on the docket, Respondent shall file a proposed form of judgment and a memorandum identifying each person or entity in whose favor, and against whom, he seeks confirmation and addressing whether any additional joinder or service is required. Petitioner may file a response within seven (7) days thereafter.

BY THE COURT:



HON. MIA R. PEREZ